UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR SINGLETON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FIFTH GENERATION, INC., d/b/a TITO'S HANDMADE VODKA,<br><br>    Defendant. | Case No.: 5:15-CV-0474 (GTS/TWD)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Trevor Singleton ("Plaintiff"), by and through his undersigned attorneys, brings this class action on behalf of himself and all others similarly situated, based upon personal knowledge as to himself and his activities, and on information and belief as to all other matters against defendant Fifth Generation, Inc., d/b/a Tito's Handmade Vodka ("Tito's" or "Defendant"), and alleges as follows:

### NATURE OF THE CASE

1.  Defendant, the manufacturer of Tito's Handmade Vodka (the "Vodka"), has engaged in false, deceptive and misleading advertising and

trade practices with respect to the promotion and sale of its Vodka to New York consumers and the general public.

2. During the relevant time period, Defendant manufactured, marketed and/or sold Tito's Handmade Vodka with labels prominently stating that the Vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still." Defendant also prominently stated on its website that its Vodka was "handmade," "microdistilled in an old-fashioned pot" and "handcrafted."

3. Defendant's representations above are false, deceptive and misleading because, on information and belief, Tito's Handmade Vodka is actually made, manufactured and/or produced in "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour" using automated machinery and highly-mechanized processes, in direct contradiction of both Tito's "Handmade" and "Crafted in an Old Fashioned Pot Still" representations.

4. At all relevant times, Defendant made, and continues to make, affirmative misrepresentations regarding Tito's Handmade Vodka. By representing that its product is "Handmade" and "Crafted in an Old Fashioned Pot Still," Defendant induces consumers to purchase the Vodka and pay more for it based on its superior quality and workmanship.

5. By representing that its product is "Handmade" and made in small batches, consumers are led to believe that Defendant is producing a superior product of greater quality compared to a competitor's vodka, which is not handmade.

6. Based on Defendant's representations, Plaintiff and the Class believed that Tito's Handmade Vodka was in fact "Handmade" and "miscrodistilled in an old-fashioned pot," thus making it a higher quality and more costly than its non-handmade counterparts.

7. Had Plaintiff and the Class been made aware that Tito's Vodka was not "Handmade" or crafted in small batches, they would not have purchased the product, or would have paid less for it.

8. As a result of Defendant's false and misleading statements, Plaintiff and the Class have suffered, and continue to suffer, injury in fact including the loss of money and/or property.

## JURISDICTION AND VENUE

9. Diversity subject matter jurisdiction exists over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), amending 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions involving (a) 100 or more members in the proposed class; (b) where at least some members of the proposed class have different citizenship from some defendants; and (c) where the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in the aggregate. 28 U.S.C. §§ 1332(d)(2) and (6).

10. While the exact number of members in the proposed class is unknown at this time, Plaintiff has reason to believe that thousands of consumers purchased Tito's Handmade Vodka throughout New York during the class period.[1]

11. Diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of New York and resides in Syracuse, New York. Tito's Handmade Vodka is a corporation organized under the laws of Texas with principle executive offices located in Austin, Texas. Therefore, diversity of citizenship exists.

12. While the exact damages to Plaintiff and the Class are unknown at this time, Plaintiff reasonably believes that her claims exceed five million dollars ($5,000,000) in the aggregate.

---

[1] As set forth in ¶34, the class period is from April 17, 2012 until the date of notice.

13. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business in the State of New York.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District and because Defendant:

    a. has intentionally availed itself of the laws and markets within this District through the promotion, marketing, distribution and sale of its products in this District;

    b. does substantial business in this District; and

    c. is subject to personal jurisdiction in this District.

## PARTIES

15. Plaintiff is an individual residing in Syracuse, New York.

16. Plaintiff first purchased Tito's Handmade Vodka in Hancock, New York in 2007. Since at least 2010, Plaintiff purchased approximately 1.75 liters of Tito's Handmade Vodka per week. Plaintiff also sometimes purchased the 750 mL size bottle of Tito's Handmade Vodka. Among other locations in North Syracuse and Cicero New York, Plaintiff purchased Tito's Handmade Vodka at Pascale's Wines & Spirits in Cicero, New York. Upon information and belief, Plaintiff paid approximately $32.99 for each of the 1.75 liter bottles and approximately $20.00 for each of the 750 mL bottles. Plaintiff saw and relied on the product label at time of purchase.

17. During the Class Period, while in the state of New York, Plaintiff was exposed to, saw and relied on Defendant's material, deceptive marketing claims and/or packaging. As a result of that misleading marketing and packaging, Plaintiff believed that Tito's Handmade Vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still" and not created through a mechanized and/or automated process. Had Defendant disclosed that Tito's

Handmade Vodka was not in fact Handmade, Plaintiff would not have purchased Tito's Handmade Vodka. Thus, as a result of Defendant's material deceptive claims, Plaintiff suffered injury in fact and lost money.

18. Defendant is a corporation incorporated in the State of Texas with its principle executive offices located at 12101 Moore Road, Austin, Texas 78719.

19. Plaintiff alleges, on information and belief, that at all relevant times, Defendant's agents, employees, representatives, executives, directors, partners, and/or subsidiaries were acting within the course and scope of such agency, employment, and representation, on behalf of Defendant.

## FACTUAL ALLEGATIONS

20. During the Class Period, Defendant manufactured, marketed, and/or sold Tito's Handmade Vodka with labels and advertising that claim Defendant's vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still."

21. As shown below, Defendant affixes the following label to all its vodka products, which prominently proclaim Defendant's vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery":

4



22.     Defendant's misrepresentations also appear on its website, where it portrays "Tito's Story" as one that started with handmade small batches and continues today to operate in the same manner:

> Tito's Handmade Vodka is produced in Austin at Texas' first and oldest legal distillery. It's made in small batches in an old fashioned pot still by Tito Beveridge (actual name), a 50-something geologist, and distilled six times. Tito's Handmade Vodka is designed to be savored by spirit connoisseurs and everyday drinkers alike. It is microdistilled in an old-fashioned pot still, just like fine single malt scotches and high-end French

cognacs. This time-honored method of distillation requires more skill and effort than modern stills, but it's well worth it.[2]

23. At the bottom of Defendant's website, it proudly states its Vodka is "Handcrafted in Texas" and "HANDCRAFTED TO BE SAVORED RESPONSBILY."[3]

24. On information and belief, Defendant's representations are deceptive, false and misleading because Defendant's Vodka is not handmade,[4] but is actually manufactured and/or produced in "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour" using mechanized and/or automated processes, which involve little to no human supervision, assistance, or involvement.[5]

25. According to Defendant's website, Tito's Handmade Vodka consists of only 50 individuals,[6] yet the company managed to bottle 850,000 cases of vodka and generate an estimated $85 million in revenue in 2012.[7]

---

[2] http://www.titosvodka.com/our-vodka/ (last visited April 15, 2015).

[3] *Id.*

[4] According to Merriam-Webster dictionary, handmade is defined as "made with the hands or by using hand tools." Oxford Dictionary defines handmade as "Made by hand, not by machine, and typically therefore of superior quality."

[5] An article appearing in Forbes Magazine noted that "Tito's brand manager, direct[ed] a FORBES photographer away from massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour and into the shack with the original still, cobbled from two Dr Pepper kegs [ ] and a turkey-frying rig to cook bushels of corn into booze." *The Troubling Success of Tito's Handmade Vodka,* FORBES, July 15, 2013, available at http://www.forbes.com/sites/meghancasserly/2013/06/26/haunted-spirits-the-troubling-success-of-titos-handmade-vodka/ (hereinafter "Forbes Article").

[6] www.titosvodka.com/ask-tito/ (last visited April 15, 2015).

[7] *See* Forbes Article ("Tito's has exploded from a 16-gallon pot still in 1997 to a 26-acre operation that produced 850,000 cases last year, up 46% from 2011, pulling an estimated $85 million in revenue.").

Tito's sales were even greater in 2013, selling a total of 1.2 million 9-liter cases.[8] Having produced over one million cases of Vodka a year, Tito's far exceeds the realm of "craft spirits," which according to Distilled Spirits Council of the United States is defined as producing fewer than 40,000 cases per year.

26. By representing that Tito's Handmade Vodka was "Handmade" and crafted in an "Old Fashioned Pot Still," Defendant concealed the highly automated nature of the vodka's manufacturing and bottling process that occurs in massive buildings containing ten floor-to-ceiling stills.

27. By representing that Tito's Handmade Vodka is "Handmade" and crafted in an "Old Fashioned Post Still," Defendant seeks to capitalize on consumers' preferences for a higher quality vodka. Producing consumer goods, including vodka, by means of a mechanized or automated process allows a manufacturer to make more products in a shorter period of time and at a lower cost. Importantly, however, the automated process sacrifices the quality of the product. While handmade products are more labor intensive and costly, such products are viewed by consumers as higher end and of a better quality.

28. Due to the better quality associated with handmade products, consumers are willing to pay more for handmade products than they are for products that are mass produced. Recognizing consumers' willingness to pay more for a better quality, Defendant has marketed its vodka as "Handmade," despite the fact it uses mechanized processes, in order to induce the purchase of its product for a higher price and at a greater sales volume. As a result of

---

[8] Richard Brands, *2014 Growth Brands*, BEVERAGE DYNAMICS & STATEWAYS MAGAZINE, available at http://www.beveragedynamics.com/2014/04/01/2014-growth-brands/1688/1688/ (last visited January 29, 2014).

its "Handmade" claims, Defendant was able to sell Tito's Handmade Vodka at a higher price in comparison to competitors' products.

29. For instance, while a 750mL bottle of Tito's Handmade Vodka cost approximately $20.00, competitors' vodka, which is not handmade, costs between $9.99 and $16.00.[9]

30. Plaintiff and putative class members purchased Defendant's product in reliance on its claims that Tito's Handmade Vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still." Had they known the truth about Defendant's Vodka, they would not have bought Tito's Handmade Vodka, or would have paid less for it.

31. Defendant knew, or should have known, that its labels and marketing was misleading.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure for the purpose of asserting the claims alleged in this Complaint on a common basis. Plaintiff brings this action on behalf of himself and all members of the following class (the "Class"):

> All persons in New York who, within the Class Period, purchased Tito's Handmade Vodka.

33. Plaintiff reserves the right to modify or amend the definition of the Class after having an opportunity to conduct further discovery.

34. The Class Period is from April 17, 2012 until the date of notice.

35. ***Numerosity. Rule 23(a)(1).*** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed

---

[9] According to one spirits retailer, a 750mL bottle of vodka costs as follows: Burnetts costs $9.99; New Amsterdam costs $12.99; Pinnacle costs $14.99; and Smirnoff costs $15.99. Tito's is listed at $19.99. http://www.crownwineandspirits.com/vodka/

and believes that the proposed Class contain at least thousands of purchasers of Tito's Handmade Vodka who have been damaged by Defendant's conduct as alleged herein.

36. ***Existence of Common Questions of Law and Fact. Rule 23(a)(2).*** This action involves common questions of law and fact, which include, but are not limited to, the following:

    a. Whether the statements made by Defendant as part of its advertising and marketing for Tito's Handmade Vodka discussed herein are true, or are untrue, misleading, or reasonably likely to deceive;

    b. Whether Defendant's conduct described herein constitutes a deceptive act or practice in violation of the New York General Business Law ("GBL");

    c. Whether Defendant's conduct described herein constitutes unfair, deceptive, untrue or misleading advertising in violation of the GBL;

    d. Whether Plaintiff and the other members of the Class are entitled to damages on the Counts where damages are an available remedy; and

    e. Whether Plaintiff and the Class are entitled to restitution, injunctive relief, or other equitable relief and/or other relief as may be proper.

37. ***Typicality. Rule 23(a)(3).*** All members of the Class have been subject to and affected by the same conduct by Defendant. The claims alleged herein are based on the same violations by Defendant that harmed Plaintiff and members of the Class. By purchasing Tito's Handmade Vodka during the applicable Class Period, all members of the Classes were subjected to the same wrongful conduct. Plaintiff's claims are typical of the Class's claims

and do not conflict with the interests of any other members of the Class. Defendant's unlawful, unfair, deceptive, and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.

38. ***Adequacy. Rule 23(a)(4).*** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

39. ***Injunctive and Declaratory Relief. Rule 23(b)(2).*** Defendant's actions regarding the deceptions and misrepresentations regarding Tito's Handmade Vodka are uniform as to all members of the Class. Defendant has acted on grounds that apply general to the Class so that final injunctive relief as requested herein is appropriate respecting the Class as a whole.

40. ***Predominance and Superiority of Class Action. Rule 23(b)(3).*** Questions of law or fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other methods for the fast and efficient adjudication of this controversy, for at least the following reasons:

> a. Absent a class action, members of the Class as a practical matter will be unable to obtain redress, Defendant's violations of its legal duties will continue without remedy, additional consumers will be harmed, and Defendant will continue to retain its ill-gotten gains;
>
> b. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;
>
> c. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

    d. A class action will permit an orderly and expeditious administration of each Class member's claims and foster economies of time, effort, and expense;

    e. A class action regarding the issues in this case does not create any problems of manageability; and

    f. Defendant has acted on grounds generally applicable to the members of the Class, making class-wide monetary and equitable relief appropriate.

41. Plaintiff does not contemplate class notice if the Class is certified under Rule 23(b)(2), which does not require notice, and notice to the putative Class may be accomplished through publication, signs or placards at the point-of-sale, or other forms of distribution, if necessary, if the Class is certified under Rule 23(b)(3), or if the Court otherwise determines class notice is required. Plaintiff will, if notice is so required, confer with Defendant and seek to present the Court with a stipulation and proposed order on the details of a class notice program.

### CAUSES OF ACTION
### COUNT I

### Violation of New York General Business Law
### (N.Y. GBL § 349)

42. Plaintiff realleges and incorporates the allegations contained in the paragraphs above, as if fully set forth herein.

43. This cause of action is brought pursuant to New York General Business Law §349 ("GBL § 349"), which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the

furnishing of any service in New York State.

44. The conduct of Defendant alleged herein violates GBL § 349 in that Defendant engaged in the unfair acts and deceptive practices as described herein, which included the promotion and advertising of Tito's Handmade Vodka as being "Handmade" and "Crafted in an Old Fashioned Pot Still" which was deceptive, false and misleading given that the Vodka is actually made by mechanized and/or automated processes in massive buildings containing ten floor-to-ceiling stills.  Such conduct is inherently and materially deceptive and misleading in a material respect which was known, or by the exercise of reasonable care, should have been known, to be untrue, deceptive or misleading by Defendant.

45. The materially misleading conduct of Defendant alleged herein was directed at Plaintiff and the Class and the public at large.

46. Defendant's acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

47. Defendant has willfully and knowingly violated GBL §349 because, in order to increase its own profits, Defendant intentionally engaged in deceptive and false advertising, and misrepresentations and the omission of material facts regarding its Vodka as discussed above.

48. As a result of Defendant's deceptive and misleading acts, Plaintiff and the Class have been injured because they purchased Tito's Handmade Vodka without full disclosure of the material facts discussed above.

49. Had Plaintiff and the Class known the truth about Tito's Handmade Vodka, they would not have purchased the product.

50. As a result of Defendant's conduct in violation of GBL § 349, Plaintiff and the Class have been injured as alleged herein in amounts to be proven at trial because if Defendant had disclosed the information discussed

above about Tito's Handmade Vodka and otherwise been truthful about its production, Plaintiff would not have purchased Defendant's product. Defendant was also able to charge more than what its Vodka would have been worth had it disclosed the truth about the product.

51. As a result, pursuant to GBL § 349, Plaintiff and the Class make claims for attorneys' fees, costs, and injunctive relief requiring Defendant to adequately disclose the information described above.

## COUNT II

### Breach of Express Warranties under New York Common Law

52. Plaintiff realleges and incorporates the allegations contained in the paragraphs above, as if fully set forth herein.

53. Defendant provided Plaintiff and other members of the Class with written express warranties, including, but not limited to, warranties that its Vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still," as set forth above.

54. Defendant breached these warranties by providing Vodka that was manufactured and/or produced in "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour" using automated machinery and highly-mechanized processes, which did not otherwise conform to Defendant's warranties.

55. This breach resulted in damages to Plaintiff and the other members of the Class who bought Defendant's Vodka but did not receive the goods as warranted in that the Vodka was not "handmade" or crafted in small batches.

56. As a proximate result of Defendant's breach of warranties, Plaintiff and the Class have been injured as alleged herein in amounts to be proven at trial because they purchased and paid for products that did not

conform to what Defendant promised in its promotion, marketing, advertising, packaging, and labeling of its Vodka, and they were deprived of the benefit of their bargain. Plaintiff would not have purchased Defendant's product had he known the truth about Defendant's Vodka. Defendant was also able to charge more than what its Vodka would have been worth had it disclosed the truth about it.

57. Had Plaintiff and the Class known the truth about Tito's Handmade Vodka, they would not have purchased the product.

## COUNT III
## FOR NEGLIGENT MISREPRESENTATION

58. Plaintiff realleges and incorporates the allegations contained in the paragraphs above, as if fully set forth herein.

59. During the relevant period, Defendant made false representations that Tito's Handmade Vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery" to Plaintiff and the Class. As described herein, Defendant's representations were untrue.

60. When Defendant made the representations set forth above, it had no reasonable grounds for believing them to be true.

61. Defendant made the representations herein with the intention of inducing the public, including Plaintiff and the Class, to purchase Tito's Handmade Vodka.

62. Plaintiff and Class members, at the time the representations were made by Defendant, and at the time Defendant took the actions herein alleged, were ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, Plaintiff and the Class were induced to and did pay monies to purchase Defendant's Vodka.

63. Had Plaintiff and the Class known the truth about Tito's Handmade Vodka, they would not have purchased the product.

64. As a proximate result of the fraudulent conduct of Defendant, Plaintiff and the Class paid monies to Defendant, through Defendant's regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

65. Plaintiff and the Class seek the recovery of a large portion of their purchase monies, plus prejudment interest, and reasonable attorneys' fees and costs as will be determined at the time of trial.

## COUNT IV
## INTENTIONAL MISREPRESENTATION

66. Plaintiff realleges and incorporates the allegations contained in the paragraphs above, as if fully set forth herein.

67. During the relevant period, Defendant intentionally made false representations that Tito's Handmade Vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery" to Plaintiff and the Class. As described herein, Defendant's representations were untrue.

68. Defendant made the representations herein with the intention of inducing the public, including Plaintiff and the Class, to purchase Tito's Handmade Vodka.

69. Defendant intentionally made such misrepresentations by printing "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery" prominently and conspicuously on its product's label. These misrepresentations were also prominently displayed on Defendant's website.

70. Defendant knew that its Vodka was not "Handmade" or "Crafted in an Old Fashioned Pot Still" but nevertheless made such representations

through Tito's marketing, advertising, and product labeling.  Defendant did so with the intention and belief that consumers would rely on Defendant's misrepresentations.

71.    Plaintiff and Class members, at the time the representations were made by Defendant, and at the time Defendant took the actions herein alleged, were ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, Plaintiff and the Class were induced to and did pay monies to purchase Defendant's Vodka.

72.    Had Plaintiff and the Class known the truth about Tito's Handmade Vodka, they would not have purchased the product.

73.    As a proximate result of the fraudulent conduct of Defendant, Plaintiff and the Class paid monies to Defendant, through Defendant's regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands injunctive relief and monetary damages in her favor and in favor of the Class and against Defendant as follows:

A.    Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and appointing his counsel Levi & Korsinsky, LLP as counsel for the Class;

B.    Permanently enjoining Defendant and their counsel, agents, employees and all persons acting under, in concert with, or for them, from engaging in, and continuing to engage in the deceptive acts or practices alleged above and that may yet be discovered in prosecution of this action;

    C.    Awarding Plaintiff and each member of the Class actual damages but not less than fifty (50) dollars, whichever is greater, and three times the actual damages up to one thousand dollars for injuries caused by Defendant's willful and knowing deceptive acts and practices in violation of GBL § 349;

    D.    Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

    E.    Granting such other and further equitable relief as this Court may deem just and proper.

DATED: April 17, 2015    **LEVI & KORSINSKY LLP**
    By:  */s/    Eduard Korsinsky*
        Eduard Korsinsky (EK 516760)
        Shannon L. Hopkins
        shopkins@zlk.com
        Nancy A. Kulesa
        nkulesa@zlk.com
        Courtney Maccarone
        cmaccarone@zlk.com
        Stephanie A. Bartone
        sbartone@zlk.com
        30 Broad Street, 24th Floor
        New York, NY 10004
        Telephone: (212) 363-7500
        Facsimile: (866) 367-6510