UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR SINGLETON, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Fifth Generation, Inc., d/b/a Tito's Handmade Vodka,<br><br>Defendant. | Civil Action No.: **5:15-CV-0474 (BKS/TWD)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF BRYAN PLATER IN SUPPORT OF FIFTH GENERATION, INC.'S MOTION FOR SEALING ORDER AS TO OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND EXHIBITS IN SUPPORT** |

## DECLARATION OF BRYAN PLATER

I, Bryan Plater, declare and state:

1. I am the vice president of finance and business operations for Fifth Generation, Inc. ("Fifth Generation"). In that capacity, I am ultimately responsible for overseeing all aspects of marketing and brand management for Tito's Handmade Vodka, including consumer-facing promotional materials. Unless otherwise stated on information and belief, I have personal knowledge of the facts stated below and, if called and sworn as a witness, I could and would testify competently as follows.

Page 1

2. On May 19, 2017, Fifth Generation submitted several documents in connection with its opposition to Plaintiff's motion for class certification and Fifth Generation's motion for summary judgment as to Plaintiff's claims that are confidential or proprietary and requests that those documents, or portions of those documents that are highlighted in the attachments to this declaration, be permitted to be submitted to the Court under seal. In accordance with the Court's order of May 22, 2017, Fifth Generation will file redacted copies of the non-confidential materials through the Court's CM/ECF filing system. In this declaration, I explain why each of the documents for which sealing is requested should be kept under seal.

3. Exhibit A to this declaration is the Declaration of Marcy Hogan Greer ("Greer Declaration") with attached exhibits submitted under seal on May 19, 2017. The following exhibits to the Greer Declaration should be sealed for the reasons given:

    a. Exhibits 1 and 2 to the Greer Declaration are declarations of Fifth Generation's Founder and Chief Executive Officer, Bert Butler "Tito" Beveridge II. They were submitted in other cases involving similar allegations in the U.S. Courts for the Southern District of California and the Northern District of Florida, respectively. These declarations detail the highly proprietary and confidential processes for distilling Tito's Handmade Vodka. Fifth Generation's process is kept confidential as a trade secret, and there is significant value to Fifth Generation's business in keeping this information secret. Fifth Generation does share its process with anyone outside of its employees and a tight circle of representatives for legal and business purposes subject to confidentiality agreements and privileges. The process is not available on Fifth Generation's website or in its consumer-facing documents, and Fifth Generation does not

afford access of its distillery to the public to protect its trade secrets. The distilled alcohol industry is extremely competitive, and disclosure of this process publicly would compromise the confidentiality of the information and allow Fifth Generation's competitors a competitive advantage.

b. Exhibit 7 to the Greer Declaration is the Expert Report of Sarah Butler of NERA Economic Consulting ("NERA Report"). The highlighted portions of the NERA Report and Exhibits D-F to the NERA Report provide the results of a study of consumers of Tito's Handmade Vodka that was conducted on behalf of and prepared for Fifth Generation. Consumer studies of this type are highly proprietary for all business purposes, including marketing, and revelation of these materials would provide Fifth Generation's competitors a competitive market advantage. (Please note that the highlights on Exhibit C to the NERA Report were added by the author, and Fifth Generation is not requesting those to be redacted.)

c. Exhibit 10 to the Greer Declaration is the Declaration of Peter Reidhead ("Reidhead Declaration"). While most of Mr. Reidhead's declaration is based on his own experience and information and so is not suggested to be confidential, he does rely upon data obtained while in his capacity as VP of Strategy & Insights at GuestMetrics, which collected and analyzed transaction-level data from point-of-sales systems in thousands of bars and restaurants throughout the United States. It is my understanding that the GuestMetrics data is not publicly available. Use of this data may provide competitors with unfair advantage they otherwise may not have.

d. Exhibit 11 to the Greer Declaration is the Declaration of Nicole Liska of Fulcrum Financial Inquiry LLP ("Fulcrum Declaration"). The Fulcrum Declaration analyzes pricing data for retail alcohol sales, and it obtained its pricing data from IRI. As Ms. Liska explains in paragraph 8 of the Fulcrum Declaration, "IRI collects and sells, inter alia, point-of-sale data. The data may be obtained from IRI for a fee and typically under a license agreement." Fifth Generation requests that those portions of the Fulcrum Declaration that discuss or draw conclusions from the IRI data—including each of the charts included in paragraphs 16-22—be sealed to maintain their confidentiality. Further, revelation of the purchased retail pricing data from IRI would provide Fifth Generation's competitors a competitive market advantage.

e. Exhibit 16 to the Greer Declaration contains excerpts from the deposition of Michael Littlejohn ("Littlejohn") in his capacity as a former employee of the U.S. Alcohol & Tobacco Tax & Trade Bureau ("TTB"). While the Department of Treasury did not preclude his deposition, it did set forth confidentiality requirements for the deposition, and the deposition has been designated as "Highly Confidential – Attorneys' Eyes Only" in the *Hofmann* case in the Southern District of California in which Mr. Littlejohn's deposition was taken. The parties to the *Hofmann* proceeding have maintained the confidentiality of this deposition.

4. Exhibit B to my declaration is a copy of *Defendant Fifth Generation, Inc.'s Opposition to Plaintiff's Motion for Class Certification*. The highlighted portions on the attached Exhibit B are the only portions of the document that Fifth Generation proposes to seal, and they

reflect information and data that is discussed in the exhibits described above in paragraph 3 of my declaration.

5. Exhibit C to my declaration is a copy of *Defendant Fifth Generation, Inc.'s Memorandum in Support of Motion for Summary Judgment*. The highlighted portions on the attached Exhibit C are the only portions of the document that Fifth Generation proposes to seal, and they reflect information and data that is discussed in the exhibits described above in paragraph 3 of my declaration.

6. Exhibit D to my declaration is a copy of *Defendant Fifth Generation, Inc.'s Statement of Material, Undisputed Facts*. The highlighted portions on the attached Exhibit D are the only portions of the document that Fifth Generation proposes to seal, and they reflect information and data that is discussed in the exhibits described above in paragraph 3 of my declaration.

7. Exhibit E to my declaration is a copy of *Defendant Fifth Generation, Inc.'s Memorandum in Support of Motion to Strike Declaration of Jon A. Krosnick, Ph.D.* The highlighted portions on the attached Exhibit E are the only portions of the document that Fifth Generation proposes to seal, and they reflect information and data that is discussed in the exhibits described above in paragraph 3 of my declaration.

8. Exhibit F to my declaration is a copy of *Defendant Fifth Generation, Inc.'s Memorandum in Support of Motion to Strike Declaration of Michael Meyerson*. The highlighted portions on the attached Exhibit F are the only portions of the document that Fifth Generation proposes to seal, and they reflect information and data that is discussed in the exhibits described above in paragraph 3 of my declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of June, 2017, at Austin, Texas.

*[signature]*
Bryan Plater

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2017, I electronically served the forgoing **DECLARATION OF BRYAN PLATER IN SUPPORT OF FIFTH GENERATION, INC.'S MOTION FOR SEALING ORDER AS TO OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND EXHIBITS IN SUPPORT** to the following:

> Eduard Korsinsky
> Shannon L. Hopkins
> Nancy A. Kulesa
> Courtney Maccarone
> Stephanie A. Bartone
> LEVI & KORSINSKY LLP
> 30 Broad Street, 24th Floor
> New York, New York 10004
> Telephone: (212) 363-7500
> Facsimile: (866) 367-6510
> ek@zlk.com
> shopkins@zlk.com
> nkulesa@zlk.com
> cmaccarone@zlk.com
> sbartone@zlk.com

Dated: June 5, 2017

Respectfully submitted,

*/s/ Marcy Hogan Greer*
Marcy Hogan Greer
ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
Texas Bar No. 08417650
(Pro Hac Vice)
515 Congress Ave., Ste. 2350
Austin, Texas 78701-3562
Tel: (512) 482-9300
Fax: (512) 482-9303
mgreer@adjtlaw.com