# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR SINGLETON, individually and on behalf of all other similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>Fifth Generation, Inc., d/b/a Tito's Handmade Vodka,<br><br>            Defendant. | Civil Action No.: **5:15-CV-0474 (BKS/TWD)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROBERT HOHMANN IN SUPPORT OF FIFTH GENERATION, INC.'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

## DECLARATION OF ROBERT HOHMANN IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

I, Robert Hohmann, declare as follows:

1.    I am a Client Insights Consultant focusing on Beverage and Alcohol for non-party Information Resources, Inc. ("IRI"). I submit this declaration in support of the parties' administrative motions to file under seal certain information that was provided to defendant Fifth Generation, Inc. in the above referenced litigation. I have personal knowledge of the matters stated in this declaration, and if called upon to do so, I could and would testify competently as follows.

2.    IRI's business, in part, consists of the collection of various kinds of point-of-purchase information pertaining to consumer retail purchases, e.g. price, size, number of units

purchased. Most of this data is now collected when bar codes are "scanned" at a retail register prior to payment. IRI has made substantial investment in the infrastructure necessary to capture that information. IRI derives significant revenue from licensing access to portions of that information to licensees, which include retailers, manufacturers, and distributors who use the data for a variety of purposes that fit their respective business needs. IRI also supplies various kinds of analytical review and modeling to its customers, again on a paid subscription basis. The analytical models are proprietary to IRI, and only the output is shared with IRI's customers. The point-of-sale information collected by IRI derives value from not being generally available to non-subscribers or the general public.

3. Defendant Fifth Generation, Inc. is a subscriber to certain reports and analytical information provided by IRI under a license agreement. Pursuant to the license agreement, IRI retains all ownership over the information shared with the licensee, and the license agreement does not permit the information to be produced in litigation.

4. IRI provided certain information, for a fee, to Fifth Generation in this case, consisting of retail sales in New York of the 750 ml size bottle, which I understand was the product purchased by the plaintiff in this case, for the period in this case. IRI also supplied Fifth Generation with certain national sales figures in order to address whether an article that ran in 2013 in a national magazine had any effect on sales or prices of Tito's Handmade Vodka. This information was supplied to Fifth Generation under the license agreement with the understanding that it would be consulted, and potentially relied upon, by Fifth Generation's expert witness. IRI also understood that to the extent Fifth Generation's expert relied upon the information, the data would also be shared with plaintiff's counsel. Because none of the information provided by IRI to Fifth Generation under the license agreement is public, it was supplied with the

understanding it would be submitted (if at all) under seal—not filed in the publicly-accessible court files or otherwise made available to the public.

5. I have reviewed the information IRI provided to Fifth Generation, as well as the proposed redactions (that are highlighted in the Court's copy and are proposed to be redacted in the documents filed in the Court's official record) to the declaration of Nicole Liska and exhibits, which contain and analyze the IRI data and information that is the subject of this declaration. I agree that the proposed redactions are necessary to protect IRI's proprietary and confidential information.

6. The tables and reports prepared by Fifth Generation's expert are based on IRI data that was obtained by IRI from IRI's proprietary data warehouse of consumer product sales information. The data that IRI maintains in its data warehouse the very commercial product that IRI provides, for a price, to its licensed customers. The data contained in these reports is not publicly available, and making it available to the public at no cost would essentially turn over IRI's products for free and cause direct commercial harm to IRI.

7. IRI does not disclose this information to parties outside IRI or the public without compensation, and IRI considers this data that it has compiled both commercially sensitive and proprietary. IRI provided the information expressly based on IRI's understanding that there was a protective order in place that would shield IRI's information from public disclosure. These documents are otherwise only generally accessible to IRI employees and IRI's customers who purchase the data contained in it under a licensing agreement that requires the customer to maintain its confidentiality. All of this data is maintained in databases and computer systems that are shielded from public access through significant security measures and require passwords to access the systems and information.

information provided by IRI in this litigation also contains confidential commercial information and disclosure to the public would harm both IRI and its suppliers. The IRI information includes sales information purchased by IRI from retailers who track and maintain sales data from their various stores. IRI is under contractual obligation with each of those suppliers to prevent public disclosure of that data or data based on processing of the retailer data. Making this information would provide IRI's suppliers' competitors with those suppliers' business information and sales data that could harm those suppliers in the marketplace by permitting competitors to strategically attack IRI's suppliers' businesses in particular geographic areas.

I declare under penalty of perjury under the laws of the United States that the above facts are true and correct, and that this declaration was executed this 5th day of July, 2017 in Geneva, Illinois.

_____
Robert Hohmann