UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**TREVOR SINGLETON,**
individually and on behalf of all
others similarly situated,

**Plaintiff,**

v.                                                                                      5:15-CV-474 (BKS/TWD)

**FIFTH GENERATION, INC., d/b/a**
Tito's Handmade Vodka,

**Defendant.**
_____

**Appearances:**

For Plaintiff:

Shannon L. Hopkins
Levi & Korsinsky LLP
733 Summer Street, Suite 304
Stamford, CT 06901

For Defendant:

Marcy Hogan Greer
Alexander Dubose Jefferson & Townsend LLP
515 Congress Avenue, Suite 2350
Austin, TX 78701

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

Presently before the Court is Defendant Fifth Generation, Inc.'s renewed letter motion to

seal certain exhibits and memoranda quoting or discussing those exhibits, submitted in

connection with its Opposition to Plaintiff's Motion for Class Certification, its Motions to Strike Declarations Supporting Plaintiff's Motion, and Defendant's Motion for Summary Judgment (Dkt. Nos. 79-84). (Dkt. No. 100). Defendant has provided the Court with unredacted versions of the relevant documents for *in camera* review. Defendant's motion to seal is unopposed. Defendant has also responded to Plaintiff's request to redact and file under seal portions of certain documents. (*See* Dkt. Nos. 94, 95, 101). For the following reasons, Defendant's motion is granted in part and denied in part, and Plaintiff's request is granted.

## II.    DISCUSSION

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014). "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself." *Id*. at 239. The "Constitution, and specifically the First Amendment to the Constitution, also protects the public's right to have access to judicial documents." *Id*.

Second Circuit precedent "indicate[s] that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). The Second Circuit has instructed that the weight of the presumption of public access given to summary judgment filings "is of the highest: 'documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*.'" *Id*. at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Moreover, under

2

"the more stringent First Amendment framework . . . continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124. Examples of "higher values" may include law enforcement interests, the privacy of innocent third parties, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), the attorney-client privilege, *Lugosch*, 435 F.3d at 125, or trade secrets, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016). The party seeking to maintain the judicial documents under seal bears the burden of showing that higher values overcome the presumption of public access. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Here, Defendant seeks to redact and file under seal portions of several documents on the basis that they contain information regarding its trade secret distilling processes. (Dkt. No. 100, p. 2). The Court previously found that, based on Defendant's showing, "sealing of Defendant's distillation process information is necessary to preserve Defendant's commercially sensitive information and this interest is sufficient to overcome the presumption of public access." (Dkt. No. 95, p. 4). Having reviewed the proposed redactions resting on this basis in the declarations of Bert Butler "Tito" Beveridge II, the Court finds that they are warranted and narrowly tailored to protect Defendant's proprietary information.

In addition, the Court has reviewed the proposed redaction requested by Plaintiff, which rests on the same basis. (Dkt. No. 94). This redaction concerns Defendant's response to Plaintiff's interrogatory asking Defendant to "describe in detail how Tito's is manufactured, produced, and bottled, and how that process has changed—if at all—since Your founding in 1995. Please include descriptions of the machines used in this process, and the extent, if any, that

3

human beings are involved in the process." Plaintiff previously filed Defendant's Responses to Plaintiff's First Set of Interrogatories, including the response in question, in connection with Plaintiff's letter Motion to Compel (Dkt. No. 54) and Plaintiff's Motion for Class Certification (Dkt. No. 69). Plaintiff requests, on behalf of Defendant, to redact the response in question, based on the "highly sensitive and confidential nature of the information contained therein, which relates to Defendant Fifth Generation Inc.'s proprietary manufacturing processes." (Dkt. No. 94, p. 1). At the Court's direction, Defendant has further explained that "the portion of the document Plaintiff seeks to redact should be sealed, as it contains confidential, sensitive, trade-secret information that the Court has found should be protected." (Dkt. No. 101, p. 1). Having reviewed Defendant's interrogatory response, and based on its showing that such information constitutes a trade secret, the Court finds that the proposed redaction is narrowly tailored and warranted under the circumstances.

Defendant has also requested to redact and file under seal portions of several documents on the basis that they "contain communications with the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") that are not available to the public." (Dkt. No. 100, p. 3). Defendant asserts that "the correspondence and communications between the TTB and Fifth Generation are protected by the confidentiality provisions of the Internal Revenue Code, 27 U.S.C. § 6103, and the Trade Secrets Act, 18 U.S.C. § 1905." (*Id.*). In support of its request, Defendant cites certain correspondence wherein the TTB asserts that it may only disclose information protected by the confidentiality provisions of the Internal Revenue Code and the Trade Secrets Act with the content of the industry member in question, and moreover, it may not disclose information involving "pre-decisional deliberations." The TTB further explains that "[c]ertain substantive

4

information regarding the contents of a COLA [certificate of label approval] are treated as proprietary to the applicant, such as pending and denied applications per 27 CFR 13.61(a)," and that "the substance of the bureau's internal deliberations as to whether or not to take an official action, including the approval of a COLA application, is protected by the deliberative process privilege."

First, to the extent that Defendant seeks to redact communications with the TTB on the basis that they contain Defendant's trade secrets or other proprietary information, as conveyed by Defendant to the TTB in the course of the COLA application and approval process, the Court finds that sealing is warranted for the same reasons discussed above. Similarly, Defendant proposes to redact a portion of the deposition of former TTB Officer Michael Littlejohn wherein he describes Defendant's distilling process. The Court has reviewed Mr. Littlejohn's testimony and finds that the proposed redaction is warranted for the same reasons.

However, Defendant also seeks to redact certain communications with the TTB on the basis of the deliberative process privilege, which "is designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials." *Natl. Council of La Raza v. Dept. of J.*, 411 F.3d 350, 356 (2d Cir. 2005). "It is based on 'the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news.'" *Id.* (quoting *Dept. of Int. v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)). "In order for a document to be protected by deliberative process privilege, it must be: (1) an inter-agency or intra-agency document; (2) 'predecisional'; and (3) deliberative." *Tigue v. U.S. Dept. of J.*, 312 F.3d 70, 76–77 (2d Cir. 2002) (quoting *Klamath*, 532 U.S. at 8). The privilege does not cover "purely factual" matters but rather "focuses on

5

documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Grand Cent. Partn., Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) (internal quotations and citations omitted).

Here, Defendant has attempted to assert the privilege on behalf of the TTB, but the Court finds that it has not made a sufficient showing to do so.  Among other things, Defendant seeks to invoke the privilege for communications outside the TTB, which involve purely factual matters.  Accordingly, Defendant's request for redactions based on the deliberative process privilege must be denied.  *See Toney-Dick v. Doar*, No. 12 Civ. 9162, 2013 WL 5549921, at *1, 2013 U.S. Dist. LEXIS 145480, at *5 (S.D.N.Y. Oct. 3, 2013) ("The deliberative process privilege does not provide a blanket basis upon which to withhold documents that an agency has created during its decision-making process. Indeed, if that were the case, the deliberative process privilege would provide an exemption from the discovery rules for decision-making agencies generally—and that, of course, is not the law."); *see also Alleyne v. New York State Educ. Dept.*, 248 F.R.D. 383, 388 (N.D.N.Y. 2008) ("[T]he privilege must be asserted by the agency head or her qualified designee; the documents must be specifically identified and described; and the agency must offer precise reasons for asserting confidentiality.").

Next, Defendant offers further support for its request to seal portions of the declaration by Nicole Liska on the basis that she relied on sensitive pricing data. (Dkt. No. 100, pp. 3-4). Defendant has submitted a declaration from Robert Hohmann, a Client Insights Consultant focusing on Beverage and Alcohol for Information Resources, Inc. ("IRI"), which provided the data in question. (Dkt. No. 100-4).  Mr. Hohmann avers that IRI provided certain data to Defendant under a paid license agreement, with the understanding that it would be used by

6

Defendant's expert witness, Ms. Liska. (*Id.*, ¶¶ 3-4). Mr. Hohmann states that the data is proprietary, non-public, closely held, and commercially sensitive. (*Id.*, ¶¶ 6-7). Mr. Hohmann further states that IRI "has made a substantial investment in the infrastructure necessary to capture" the data, and that disclosure would harm both IRI and its suppliers. (*Id.*, ¶¶ 2, 7). Based on Mr. Hohmann's declaration, the Court finds that Defendant has made a sufficient showing that IRI's privacy interest in its proprietary data outweighs the interest in public access to this information.[1] *See Travelers Indemnity Co. v. Excalibur Reins. Corp.*, No. 3:11-CV-1209, 2013 WL 4012772, at *4-5, 2012 U.S. Dist. LEXIS 110400, at *21-23 (D. Conn. Aug. 5, 2013) (granting motion to seal designated portions of motion papers and exhibits because they contained "sensitive business information"); *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or confidential research, that can trump the right of the public to access court records.").

Finally, Defendant seeks to redact and file under seal portions of memoranda quoting or discussing the aforementioned documents, specifically its Opposition to Plaintiff's Motion for Class Certification (Dkt. No. 87), Memorandum in Support of Motion for Summary Judgment (Dkt. No. 88-1), Statement of Material, Undisputed Facts (Dkt. No. 88-2), Memorandum in Support of Motion to Strike Opinion Testimony of Donald Coffey (Dkt. No. 89-1), Memorandum in Support of Motion to Strike Declaration of Jon A. Krosnick, Ph.D. (Dkt. No. 90-1), and Memorandum in Support of Motion to Strike Declaration of Michael Meyerson (Dkt.

---

[1] The Court previously denied Defendant's request to seal portions of the Declaration of Peter Reidhead on the basis that he relied on third party data provided by GuestMetrics data. (Dkt. No. 95, pp. 5-6). Defendant does not offer any further support for this request, indicating that "Guestmetrics is no longer a going concern, and so Fifth Generation was unable to obtain such a [supporting] declaration." (Dkt. No. 100, p. 4).

No. 91-1). (Dkt. No. 100, p. 1). As discussed above, Defendant may redact these memoranda to the extent they contain sensitive, proprietary information created by Defendant or IRI, but any redactions on the basis of the TTB's deliberative process privilege are not warranted at this time.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's letter motion to seal (Dkt. No. 100) is **GRANTED in part and DENIED in part;** and it is further

**ORDERED** that Defendant's request to seal portions of the declaration of Nicole Liska (Exhibit No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's request to seal portions of the deposition of Michael Littlejohn (Exhibit No. 16) is **GRANTED**; and it is further

**ORDERED** that Defendant's letter motion to seal is otherwise **DENIED**, without prejudice to renewal; and it is further

**ORDERED** that any further motion to seal must be filed **on or before August 4, 2017**; and it is further

**ORDERED** that if Defendant does not renew its motion to seal, all documents associated with Defendant's Opposition to Plaintiff's Motion for Class Certification, Defendant's Motions to Strike Declarations Supporting Plaintiff's Motion, and Defendant's Motion for Summary Judgment must be filed in accordance with this decision; and it is further

**ORDERED** that Plaintiff's letter motion to seal (Dkt. No. 94) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall substitute the redacted document, Dkt. No. 94-1, in place of Dkt. No. 54-5; and it is further

**ORDERED** Plaintiff is directed to re-file Dkt. No. 69-2 to include the redacted document, which will then be substituted.

**IT IS SO ORDERED.**

Date:   July 21, 2017
        Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge